# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA


ISOVOLTA AG,

          **Plaintiff,**

          **v**

DIELECTRIC SOLUTIONS, LLC,

          **Defendant.**

)
)
)
)  **2:11-cv-910**
)
)
)
)
)
)

## ORDER OF COURT

Pending before the Court are the MOTION FOR DEFAULT (Document No. 7) and the

REQUEST FOR DEFAULT JUDGMENT (Document No. 8) filed by Plaintiff Isovolta AG.[1]

These motions have been filed electronically.  The Court is providing copies by mail to Mr. Todd

Kadar, along with this Order.

The Federal Rules of Civil Procedure clearly and explicitly describe a two-step process.

First, a party must obtain "entry of default" pursuant to Fed. R. Civ. P. 55(a).   This is a

ministerial task performed by the clerk of court.  Second, a party may then obtain a "default

judgment" pursuant to Fed. R. Civ. P. 55(b).   A party may obtain a "default judgment" by the

clerk pursuant to Rule 55(b)(1), but only for a "sum certain."  Alternatively, a party may apply

for a "default judgment" from the court pursuant to Rule 55(b)(2).  The Court then has discretion

to, *inter alia*, conduct hearings, make referrals, conduct an accounting, determine the amount of

damages, establish the truth of any allegation by evidence or investigate any other matter.

The documents submitted by Plaintiff fail to comply with the procedures set forth in the

Federal Rules of Civil Procedure in a number of respects.  Neither document seeks "entry of

---

[1] Also pending is Plaintiff's Motion for a Temporary Restraining Order (Document No. 2), which will not be addressed in this Order.

default" by the clerk of court pursuant to Rule 55(a), prior to the request for "default judgment." Document No. 7 cites to Rule 55(b)(2) rather than Rule 55(a) and the caption of Document No. 8 explicitly requests "default judgment."  Moreover, Plaintiff improperly asks "the Clerk" to award permanent injunctive relief.  The clerk is not authorized to grant such relief.  Plaintiff's counsel has also failed to attach proposed orders of court, as required by the Local Rules.

In accordance with the foregoing, the MOTION FOR DEFAULT (Document No. 7) and the REQUEST FOR DEFAULT JUDGMENT (Document No. 8) filed by Plaintiff Isovolta AG are **DENIED**, without prejudice.

SO ORDERED this 18th day of August, 2011.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

Cc:    Stanley Yorsz, Esquire
       (via CM/ECF)

       Todd Kadar
       President, Dielectric Solutions
       1655 Orr Avenue
       Kittanning, PA 16201
       (via Certified US Mail, with enclosure)