# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ISOVOLTA AG,<br>　　　　　Plaintiff,<br><br>　　　v<br><br>DIELECTRIC SOLUTIONS, LLC,<br>　　　　　Defendant. | 2:11-cv-910 |

## MEMORANDUM OPINION AND ORDER OF COURT

Pending before the Court is the VERIFIED PETITION OF PLAINTIFF ISOVOLTA AG FOR AN AWARD OF ATTORNEYS FEES, COSTS AND EXPENSES (Document No. 27). Defendant Dielectric Solutions, LLC ("Dielectric") filed a response (Document No. 28) and the petition is ripe for disposition.

Factual and Procedural Background

Isovolta filed this lawsuit and a motion for a temporary restraining order (TRO) in July 2011, alleging that Dielectric had failed to pay past-due lease payments for, or to return, certain precious metals (platinum and rhodium) that were being utilized in Dielectric's manufacturing process. On September 2, 2011, after the parties reached an amicable resolution of the case, the Court entered a Consent Order Settlement Agreement and Release and retained jurisdiction to enforce the settlement.

Unfortunately, Dielectric failed to comply with the agreement and Isovolta filed a Motion to Enforce the Consent Order. On November 10, 2011, the Court found that Dielectric had unquestionably breached the Consent Order and held Dielectric in contempt of Court. The Court

1

also found that "as a result of Dielectric's breach and contempt, Isovolta has incurred, and may seek recovery for monetary damages including additional lease payment(s) to Mitsubishi, Zangl's travel expenses from Austria, and reasonable attorneys fees and costs."

Isovolta's petition enumerates counsel fees in the gross amount of $33,209.00. In support of its Petition, BIR submitted itemized time records which reflect time incurred by seven different attorneys at Buchanan Ingersoll & Rooney PC ("BIR"). Because Isovolta received a five percent (5%) discount on fees from BIR, Isovolta seeks an award of net counsel fees of $31,548.55. Isovolta also seeks reimbursement for travel costs of $7,094.96 incurred by Christoph Zangl, a citizen of Austria, to testify at the hearing. Finally, Isovolta seeks to recover $5,117.63 in additional lease costs it was forced to pay to Mitsubishi as a result of Dielectric's misconduct.

Dielectric does not object to the travel costs or additional lease payments. Nor does Dielectric challenge the hourly rates charged by BIR attorneys. The sole objection raised by Dielectric is that it was excessive and unreasonable for the BIR attorneys to invest 88.8 hours of time on this case. In addition, Dielectric requests ninety (90) days to pay the award. Isovolta did not reply to the criticisms raised by Dielectric.

Discussion

As a starting point to determine the reasonableness of the claimed counsel fees, the Court should determine the "lodestar" rate by multiplying a reasonable hourly rate in the relevant legal community by the reasonable number of hours expended. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990). Once the lodestar amount has been calculated, a court has discretion to adjust the fee upward or downward, based on a variety of factors. *United Auto Workers Local*

259 Social Sec. Dept. v. Metro Auto Center*, 501 F.3d 283, 292 (3d Cir. 2007) (discussing factors). The burden to establish reasonableness is on the party seeking such fees. *Rode,* 892 F.2d at 1183.

District courts are instructed to conduct a "thorough and searching analysis" of the fee application. *Interfaith Community Organization v. Honeywell Int'l, Inc.*, 426 F.3d 694, 703 n.5 (3d Cir. 2005). A prevailing party may only recover for time reasonably expended and the Court must exclude time that was excessive, redundant or unnecessary. *Id.* at 711. As the hourly rate demanded goes up, there should be a corresponding decrease in the amount of time required to accomplish necessary tasks, due to counsel's experience and expertise. *Ursic v. Bethlehem Mines*, 719 F.2d 670, 677 (3d Cir. 1983) (analogizing that Michaelangelo should not charge Sistine Chapel rates for painting a farmer's barn). Time that would not be billed to a client cannot be imposed on an adversary. *Public Interest Research Group of New Jersey, Inc. v. Windall*, 51 F.3d 1179, 1188 (3d Cir. 1995) ("*PIRG*"). The Court cannot reduce an award sua sponte. Rather, the opposing party must make specific objections. *Interfaith Community*, 426 F.3d at 711. Once the opposing party does so, the burden shifts back to the party seeking fees to justify the size of its request. *Id.*

In particular, Dielectric contends that work by seven different attorneys was duplicative; that excessive time was billed to research and draft the Motion to Enforce; and that only one attorney should be compensated for participating in the status conference and hearing. More generally, Dielectric contends that the issues related to its (non)compliance with the Settlement Agreement were "simple and clear." The Court has considered each of the objections raised by Dielectric and will reduce the counsel fee award as follows:

3

a. The attendance of three (3) attorneys at the November 9, 2011 hearing. The Court agrees that the time claimed by Mary Ann Dunham for attendance at the hearing should not be imposed on Dielectric. Ms. Dunham did not take an active role in the hearing and did not enter her appearance on the record. The Court will award fees for the two BIR attorneys, Mr. Yorsz and Mr. Thomas, who did participate in the hearing. Accordingly, the Court will reduce the time claimed by Dunham by 2.50 hours @ $450.00 per hour, or $1,125.00.
b. The participation of seven (7) attorneys. While difficult to precisely quantify, the Court agrees with Dielectric that the use of so many different attorneys on this matter unavoidably led to some increased inefficiency and duplication of effort. The Court notes that BIR's fees have already been discounted by five percent (5%). Accordingly, the Court will reduce the award by an additional five percent (5%) to reflect the inefficiency and duplication.

The Court does not agree that the issues with respect to Dielectric's conduct were "simple and clear." To the contrary, Dielectric vigorously contested its liability. The time spent by BIR attorneys to research and draft the Motion to Enforce was appropriate. Similarly, it was reasonable to have two attorneys appear and participate on Isovolta's behalf. In sum, the Court concludes that this revised lodestar calculation results in a reasonable counsel fee award.

Revised Calculation

The gross counsel fees itemized by BIR will be reduced by $1,125.00 to reflect the time associated with Ms. Dunham's attendance at the hearing (from $33,209.00 to $32,084.00). The adjusted subtotal will then be reduced by ten percent (10%), or $3,208.40, to reflect the

duplication and inefficiency inherent in the participation of seven different attorneys on this matter. Thus, the amount of counsel fees recoverable by Isovolta is $28,875.60.

Dielectric has not objected to travel costs of $7,094.96 and $5,117.63 in additional lease costs. Accordingly, Isovolta is entitled to recover these amounts as well. The total amount which Dielectric must pay to Isovolta is $41,088.19.

On December 1, 2011 Dielectric requested ninety (90) days to pay this award. Over sixty (60) days has already elapsed. Accordingly, the Court will permit an additional forty-two(42) days for Dielectric to make payment to Isovolta.

An appropriate Order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ISOVOLTA AG,
       Plaintiff,

v                                     2:11-cv-910

DIELECTRIC SOLUTIONS, LLC,
       Defendant.

**ORDER OF COURT**

AND NOW, this 7th day of February, 2012, in accordance with the foregoing Memorandum Opinion, it is hereby ORDERED, ADJUDGED and DECREED that the VERIFIED PETITION OF PLAINTIFF ISOVOLTA AG FOR AN AWARD OF ATTORNEYS FEES, COSTS AND EXPENSES (Document No. 27) is **GRANTED IN PART AND DENIED IN PART**. On or before March 17, 2012, or upon such other terms as the parties may agree, Dielectric shall reimburse Isovolta for the following:

a) counsel fees of $28,875.60;

b) travel expenses of $7,094.96; and

c) additional lease costs of $5,117.63.

    The grand total of recoverable counsel fees, costs and expenses is **$41,088.19**.

                                                BY THE COURT:

                                                s/Terrence F. McVerry
                                                United States District Judge

cc: **Cindy Dunlap Hinkle, Esquire**
Email: cindy.hinkle@bipc.com
**Stanley Yorsz, Esquire**
Email: stanley.yorsz@bipc.com

**Robert O. Lampl, Esquire**
Email: rol@lampllaw.com