IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ISOVOLTA AG,<br>          Plaintiff,<br><br>          v<br><br>DIELECTRIC SOLUTIONS, LLC,<br>          Defendant. | )<br>)<br>)<br>)<br>) 2:11-cv-910<br>)<br>)<br>)<br>) |

**MEMORANDUM OPINION AND ORDER OF COURT**

Pending before the Court is the NOTICE OF NON-COMPLIANCE WITH COURT ORDER AND MOTION FOR ADDITIONAL SANCTIONS (Document No. 30) filed by Plaintiff Isovolta AG ("Isovolta"). Defendant Dielectric Solutions, LLC ("Dielectric") filed a response (Document No. 31) and the motion is ripe for disposition.

Unfortunately, this case has an extensive procedural history. Isovolta filed this lawsuit and a motion for a temporary restraining order (TRO) in July 2011, alleging that Dielectric had failed to pay past-due lease payments for, or to return, certain precious metals (platinum and rhodium) that were being utilized in Dielectric's manufacturing process. On September 2, 2011, after the parties reached an amicable resolution of the case, the Court entered a Consent Order Settlement Agreement and Release and retained jurisdiction to enforce the settlement.

When Dielectric failed to comply with the schedule set forth in the Consent Order, Isovolta filed a Motion to Enforce the Consent Order. On November 10, 2011, the Court found that Dielectric had unquestionably breached the Consent Order and held Dielectric in contempt of Court. The Court also found that "as a result of Dielectric's breach and contempt, Isovolta has incurred, and may seek recovery for monetary damages including additional lease payment(s) to

Mitsubishi, Zangl's travel expenses from Austria, and reasonable attorneys fees and costs." Isovolta filed a fee petition, to which Dielectric filed objections.

By Memorandum Opinion and Order dated February 7, 2012, the Court found that Isovolta was entitled to recover certain fees and costs. Specifically, the Court Ordered: "On or before March 17, 2012, or upon such other terms as the parties may agree, Dielectric shall reimburse Isovolta for the following: (a) counsel fees of $28,875.60; (b) travel expenses of $7,094.96; and (c) additional lease costs of $5,117.63, for a total of $41,088.19. In reaching its decision, the Court addressed Dielectric's request for additional time to pay, as follows: "On December 1, 2011 Dielectric requested ninety (90) days to pay this award. Over sixty (60) days has already elapsed. Accordingly, the Court will permit an additional forty-two (42) days for Dielectric to make payment to Isovolta."

Thus, the Court permitted Dielectric <u>more</u> time to pay (102 days) than Dielectric had originally requested. At no time did Dielectric seek reconsideration or petition the Court for additional time. Nor did it notify the Court (or Isovolta) of its alleged inability to comply with the Court Order. Instead, the March 17, 2012 deadline simply expired without payment or explanation from Dielectric.

On March 26, 2012, counsel for Isovolta sent a letter to demand payment. When no payment was received, Isovolta filed the pending motion. In its response, Dielectric admits that it failed to comply with the Court-ordered deadline for payment. It attempts to excuse its failure by alleging that it was caused by Isovolta's own breach of the Settlement Agreement. In particular, Dielectric contends that because Isovolta has not released its security interests, Dielectric has been unable to obtain the new financing necessary for it to remain in business.

Dielectric's excuses are without merit. The September 2011 Settlement Agreement is unavailing. A condition precedent to Isovolta's performance under the Agreement was that Dielectric "shall not have breached any term." *See* ¶ 1(e)(vi). The Court has found that Dielectric did breach the Agreement. Moreover, the deadline for Dielectric to pay Isovolta was established by the <u>Court</u>, not Isovolta. Dielectric's duty to comply with the Court Order was unconditional. To the extent that Dielectric was making good faith attempts to comply with the Court Order, it should have communicated those efforts to the Court and Isovolta prior to the expiration of the deadline and should have sought appropriate relief. Dielectric is, once again, in contempt of Court.

The motion for additional sanctions will be **GRANTED**. Dielectric shall pay $41,088.19 to Isovolta forthwith. In addition, Isovolta is entitled to recover the reasonable counsel fees and costs it was forced to incur due to Dielectric's contempt.

An appropriate Order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ISOVOLTA AG,<br>            Plaintiff,<br><br>        v<br>DIELECTRIC SOLUTIONS, LLC,<br>            Defendant. | )<br>)<br>)<br>)<br>) 2:11-cv-910<br>)<br>)<br>)<br>)<br>)<br>) |

### ORDER OF COURT

AND NOW, this 23rd day of April, 2012, in accordance with the foregoing Memorandum Opinion, it is hereby ORDERED, ADJUDGED and DECREED that the NOTICE OF NON-COMPLIANCE WITH COURT ORDER AND MOTION FOR ADDITIONAL SANCTIONS (Document No. 30) is **GRANTED**. The Court finds that Dielectric is in contempt of the February 7, 2012 Memorandum Opinion and Order of Court. Dielectric shall pay Isovolta **$41,088.19** forthwith. As a sanction, the amount due shall increase by $100 per day, commencing on April 30, 2012, until paid in full.

On or before May 14, 2012 Isovolta shall file an appropriate petition for an award of the additional costs, fees and expenses which it incurred in connection with this motion. Dielectric may file a response thereto on or before May 21, 2012.

                                                        BY THE COURT:

                                                        s/Terrence F. McVerry
                                                        United States District Judge

cc: **Cindy Dunlap Hinkle, Esquire**
Email: cindy.hinkle@bipc.com
**Stanley Yorsz, Esquire**
Email: stanley.yorsz@bipc.com

**Robert O. Lampl, Esquire**
Email: rol@lampllaw.com